(7 Misc. Rep. 388.)

## RICHARDS v. GOLDBERG et al.

(Common Pleas of New York City and County, General Term.  March 5, 1894.)

1. INJUNCTION—MOVING AFFIDAVIT—INTEREST OF PLAINTIFF.
   Where an affidavit, in opposition to a motion for an injunction against disposing of a lease and contract of purchase of certain premises, and from suing plaintiff for rent of said premises, states that defendant refused to take the lease and contract until his father said he would get a person to take a half interest with him, and, after the instrument was executed, the father disclosed plaintiff as the party to whom he referred, and that plaintiff knew and desired that the lease and contract should be taken in his name, it sufficiently shows plaintiff's interest.

2. SAME—RESTRAINING TRIAL OF ACTION.
   Under Code Civ. Proc. § 611, providing that the trial of an action for money, only, shall not be restrained, after issue is joined, unless an undertaking to pay damages and costs is given, does not apply except where it appears that issue has been joined.

Appeal from special term.

Action by Rachel Richards against Samuel Goldberg and another, to compel defendant Goldberg to assign to plaintiff a one-half interest in a lease, and in a contract for the purchase of premises known as 248 E. Broadway, in New York city, and an order was granted continuing an injunction against the commission by defendant, during the pendency of this action, of the following acts:  (1) Disposing of a lease and contract of purchase of said premises;  (2) prosecuting an action against plaintiff for rent of part of said premises, now pending in the fifth district court;  (3) commencing any action against her for rent, or use and occupation, or any summary proceedings to dispossess her,—and defendant Goldberg appeals.  Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Ernest T. Fellows, (Arthur B. Wright, of counsel,) for appellant. A. H. Herrick, for respondent.

DALY, C. J.  The learned judge at special term properly disposed of this motion upon the merits by continuing the injunction, for the preponderance of proof, in the affidavits, is with the plaintiff that, when defendant took the lease and contract of sale in his own name, it was in contemplation of a joint interest therein belonging to the plaintiff.  He expressly swears that he would not take the lease and contract until his father said he would get a party to take a half interest with him, and that, after the instruments were executed, his father disclosed the plaintiff as the party to whom he referred, and defendant was informed by his father, and believes and states the fact to be, that the plaintiff knew and desired that the lease and contract should be taken in his name. These admissions clearly establish the interest of plaintiff at the time the instruments were executed, and that defendant acted on her behalf, as well as his own, in obtaining them; and the terms of the contract, in writing, which he subsequently proposed for her signature, reciting that she was, in effect, so interested from the beginning, is confirmation of the plaintiff's contention.  The

case of the plaintiff was therefore made out as strongly by defendant's affidavit as her own, and there was no course left but to grant her motion.

The point is made that the court should have required, as a preliminary to the granting of the injunction, (which restrained, among other acts, the prosecution of an action for rent,) security in the form prescribed by section 611 of the Code, when it is desired to stay the trial of an action in which the complaint demands judgment for a sum of money only, after issue has been joined therein, viz. an undertaking to pay all damages and costs which may be recovered in that action, and also all damages and costs in the injunction action. It nowhere appears in the record before us, however, that issue has been joined in the action for rent, and therefore the provisions of section 611 do not apply.

Objection is made that the injunction order does not contain a sufficient statement of the grounds of the injunction, as required by section 610 of the Code. The order recites the several acts of the defendant complained of, followed by a statement in the language of the section, and that is undoubtedly sufficient. It plainly apprises the reader of the grounds of the injunction. Order appealed from affirmed, with costs. All concur.